UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

RONALD R. SANTOS,

                              Plaintiff,

      v.

KENNETH ANNIKOS, *et al.*,

                              Defendants.

Case No. 3:23-cv-00281-MMD-CSD

ORDER

## I.    SUMMARY

*Pro se* Plaintiff Ronald Santos, who is incarcerated in the custody of the Nevada Department of Corrections ("NDOC"), sued prison officials and medical personnel under 42 U.S.C. § 1983, alleging that they violated his Constitutional rights because they were deliberately indifferent to his serious medical needs, retaliated against him, and intentionally took his property. (ECF Nos. 6 (screening order specifying which claims are proceeding), 7 (Complaint).) Before the Court are three objections that Santos filed to nondispositive orders issued by United States Magistrate Judge Craig S. Denney. (ECF Nos. 71, 72, 73.)[1] Because the Court does not find that Judge Denney clearly erred in the three challenged orders—and as further explained below—the Court will overrule the three pending objections.

## II.   DISCUSSION

The three challenged orders are on matters that Judge Denney has authority to finally decide himself. Accordingly, the Court will only overturn the challenged orders if the Court finds they were "clearly erroneous or contrary to law[.]" LR IB 3-1(a). Under this

---

[1]Defendants filed a response to one of them (ECF No. 75) and Santos filed a reply and notice concerning that same objection (ECF Nos. 76, 77).

1  standard, the Court may not "substitute its judgment" for Judge Denney's. *Grimes v. City*
2  *& Cnty. of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991). Said otherwise, the Court
3  should overturn the challenged orders, "under this 'significantly deferential' standard only
4  if it has 'a definite and firm conviction that a mistake [of fact] has been committed' or that
5  a relevant statute, law, or rule has been omitted or misapplied." *Mayorga v. Ronaldo*, 606
6  F. Supp. 3d 1003, 1020 (D. Nev. 2022), *aff'd*, Case No. 22-16009, 2023 WL 8047781 (9th
7  Cir. Nov. 21, 2023) (footnotes and citations omitted).

8      The Court does not find that Judge Denney clearly erred in the three challenged
9  orders, though it addresses all three of them along with Santos' pertinent objections
10  below.

11      Santos first objects to Judge Denney's order ruling that he may not possess his
12  medical records in his cell under the pertinent Administrative Regulation ("AR") and
13  implicitly rejecting his request for unlimited free copies in furtherance of this litigation,
14  arguing that NDOC was not justified when it changed the pertinent AR in response to
15  prior court decisions from this district so that people incarcerated by NDOC have to submit
16  kites to view and take notes about their medical records instead of keeping copies in their
17  cells or on their persons. (ECF No. 71.) However, the Court cannot find that Judge Denny
18  clearly erred in simply applying restrictions from AR 639 to deny Santos' motion. (ECF
19  No. 66.) Judge Denney's order is consistent with the current version of AR 639.03. (ECF
20  No. 75-1 at 5-6.) In addition, AR 639.02(7) provides that people in NDOC custody are not
21  entitled to free copies and must pay for the limited copies of their medical records they
22  need for litigation purposes. (*Id.* at 5.) Judge Denney's implicit rejection of Santos' request
23  for unlimited free copies is thus not a clear error, either. Judge Denney appears to have
24  faithfully applied the governing ARs. And as Defendants point out in their response, the
25  prior cases that Santos refers to in his objection were all interpreting a prior version of AR
26  639, not the current version discussed herein. (ECF No. 75 at 2-3.) In sum, the Court

27

28

1   overrules Santos' objection to Judge Denney's order not permitting him to keep medical

2   records on his person or in his cell.

3         Santos also objects to Judge Denney's order denying his motion seeking Judge

4   Denney's recusal from this case.[2] (ECF No. 73.) However, Judge Denney denied Santos'

5   recusal motion primarily because he found Santos sought his recusal based on Santos'

6   disagreement with Judge Denney's decisions adverse to Santos, which does not

7   constitute a valid basis for a recusal motion. (ECF No. 69 at 3-4.) And despite Santos'

8   argument to the contrary (ECF No. 73 at 2), having reviewed the underlying motion (ECF

9   No. 57), the Court agrees with Judge Denney that Santos primarily argues Judge Denney

10  is biased against him because Judge Denney made rulings unfavorable to him. The Court

11  therefore does not find that Judge Denney clearly erred in denying Santos' recusal

12  motion.

13        Santos finally challenges Judge Denney's order denying as moot Santos' request

14  for a stay of discovery until Judge Denney resolved the motions seeking permission to

15  keep medical records and Judge Denney's recusal because Judge Denney resolved

16  those two motions before getting to the motion seeking the stay of discovery. (ECF Nos.

17  70 (order), 72 (objection).) But Judge Denney did not clearly err in denying this motion as

18  moot because he had already resolved the other two motions when he issued his order

19  finding the request for a stay of discovery moot. (ECF No. 70.)

20        For these reasons, the Court overrules all three of Santos' pending objections to

21  Judge Denney's orders.

22  ///

23

24       [2]Santos also mentions he 'rescinds his authorization' for Judge Denney to preside over this case, but this is not a case that Judge Denney oversees by consent. (ECF No.

25  73.) Thus, Santos' 'withdrawal of authorization' is not effective to remove Judge Denney from this case entirely. *See, e.g.*, LR IB 1-1, LR IB 1-3, LR IB 1-4, LR IB 1-7 (specifying

26  the duties of magistrate judges in cases where a district judge also presides over the case.) Judge Denney will continue to preside over this case as the assigned Magistrate

27  Judge, but Santos may object to Judge Denney's decisions to the Court—as he has done—if he chooses.

28

### III.    CONCLUSION

It is therefore ordered that Santos' objection (ECF No. 71) to Judge Denney's order (ECF No. 66) is overruled.

It is further ordered that Santos' objection (ECF No. 72) to Judge Denney's order (ECF No. 70) is overruled.

It is further ordered that that Santos' objection (ECF No. 73) to Judge Denney's order (ECF No. 69) is overruled.

DATED THIS 4th Day of May 2024.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE