UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| RONALD R. SANTOS,<br><br>    Plaintiff<br><br>v.<br><br>KENNETH ANNIKOS, et al.,<br><br>    Defendants | Case No.: 3:23-cv-00281-MMD-CSD<br><br>**Order**<br><br>Re: ECF No. 92 |

Before the court is Plaintiff's fourth motion for the appointment of counsel. (ECF No. 92.)

Plaintiff states that he suffers from back pain and was reviewing medical records that had been filed under seal by Defendants when he came across reports of MRIs of his spine from 2018, of which he had not been previously apprised. He argues this will necessitate the need to depose multiple defendants to determine if there was a cover-up. Plaintiff represents that he spoke with his former lawyer from his habeas action, Lori Teicher, of the Federal Public Defender's Office, who told him to file a motion for appointment of counsel and have his cases referred to the pro bono panel so that the Federal Public Defender can represent him in this action.

"[A] person [generally] has no right to counsel in civil actions." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (citing *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981)). 28 U.S.C. § 1915(e)(1), however, does allow the court to "request an attorney to represent any person unable to afford counsel." That being said, the appointment of counsel in a civil case is within the court's discretion and is only allowed in "exceptional cases." *See Palmer*, 560 F.3d at

970 (citations omitted); *see also Harrington v. Scribner,* 785 F.3d 1299, 1309 (9th Cir. 2015). In "determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" *Palmer*, 560 F.3d at 970 (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)); *see also Cano v. Taylor,* 739 F.3d 1213, 1218 (9th Cir. 2015). "Neither of these considerations is dispositive and instead must be viewed together." *Id.* (citing *Wilborn v. Escalderon,* 789 F.2d 1328, 1331 (9th Cir. 1986)); *see also Terrell v. Brewer*, 935 F.3d 1015, 1017 (9th Cir. 1991) (citation omitted).

Plaintiff has not demonstrated a likelihood of success on the merits of his claims in this action. Nor are his claims unduly complex. Plaintiff asserts that he needs to depose Defendants to determine if there has been a cover-up, but he does not explain why written discovery would not be sufficient to determine this information. In sum, Plaintiff has not established that exceptional circumstances exist to justify the appointment of pro bono counsel in this case.

## CONCLUSION

Plaintiff's fourth motion for the appointment of counsel (ECF No. 92) is **DENIED**.

**IT IS SO ORDERED**.

Dated: August 30, 2024

_____
Craig S. Denney
United States Magistrate Judge