1

2

3                          UNITED STATES DISTRICT COURT

4                                DISTRICT OF NEVADA

5                                        * * *

6    RONALD R. SANTOS, *et al.*,                    Case No. 3:23-cv-00281-MMD-CSD

7                                    Plaintiff,                    ORDER

          v.
8
     BENSON, *et al.*,
9
                                    Defendants.
10

11   **I.      SUMMARY**

12          Pro se Plaintiff Ronald Santos, who is incarcerated in the custody of the Nevada

13   Department of Corrections, sued prison officials and medical personnel under 42 U.S.C.

14   § 1983, alleging that they violated his Constitutional rights because they were deliberately

15   indifferent to his serious medical needs, retaliated against him, and intentionally took his

16   property. (ECF Nos. 6 (screening order specifying which claims are proceeding), 7

17   (Complaint).) Before the Court is the report and recommendation ("R&R") of United States

18   Magistrate Judge Craig S. Denney (ECF No. 112) recommending that the Court grant in

19   part, and deny in part, Plaintiff's motion for leave to file an amended complaint (ECF No.

20   96). Plaintiff objected to the R&R (ECF No. 113), and Defendants filed responses to

21   Plaintiff's objection (ECF Nos. 117, 118). The Court does not find the arguments Plaintiff

22   presents in his objection persuasive and indeed agrees with Judge Denney's decision to

23   dismiss certain proposed defendants from certain proposed claims while letting all of

24   Plaintiff's proposed claims proceed. As further explained below, the Court thus overrules

25   the Objection and adopts the R&R in full.

26   **II.     DISCUSSION**

27          Judge Denney mostly recommends that the Court grant Plaintiff's motion to

28   amend, as he recommends that Plaintiff be permitted to proceed with all his proposed

1   claims. (ECF No. 112 at 17-18.) However, Judge Denney recommends that some of

2   Plaintiff's claims should not proceed against some of the potential defendants he named

3   because he either does not include any allegations against them in the pertinent section

4   of his proposed First Amended Complaint ("FAC"), or the allegations Plaintiff includes are

5   insufficient to state a claim against them. (*Id.*; *see also generally id.*) Plaintiff specifically

6   objects to Judge Denney's recommendation to dismiss his claims against "John Halki in

7   Claims 1 and 3, Martin Naughton in Claims 1 and 5, Jessica Rambur and John Henley,

8   in Claim 3." (ECF No. 113 at 5.)

9        The Court "may accept, reject, or modify, in whole or in part, the findings or

10   recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party

11   timely objects to a magistrate judge's R&R, the Court is required to "make a de novo

12   determination of those portions of the R&R to which objection is made." *Id.* The Court will

13   thus review Judge Denney's recommendation to dismiss Defendants Halki, Naughton,

14   Rambur, and Henley from certain proposed claims de novo because Plaintiff objects.

15   (ECF No. 113 at 5.)

16        **A.    Dr. Halki**

17        As noted, Plaintiff objects to Judge Denney's recommendation to dismiss Dr. Halki

18   from Plaintiff's propose claims 1 and 3.[1] (*Id.*) Dr. Halki counters that Judge Denney made

19   the correct decision because Plaintiff has not sufficiently alleged Dr. Halki's personal

20   participation in the conduct giving rise to these two claims. (ECF No. 117 at 4-6.) The

21   Court agrees with Dr. Halki.

22        As to claim 1, the Court specifically agrees with Dr. Halki that it is about delay in

23   receiving an epidural injection and not about Plaintiff's decision to forgo surgery and

24   instead receive a series of epidural injections. (ECF Nos. 117 at 4 (making this argument),

25   96-1 at 6-12 (focusing on delays in getting an epidural injection that Dr. Halki ordered).)

26   Plaintiff does not allege that Dr. Halki received any kites regarding the delays in Plaintiff

27

28        [1]Judge Denney recommends claim 5 proceed against Dr. Halki. (ECF No. 112 at 18.)

2

1    getting his epidural injections, or otherwise allege that Dr. Halki contributed to those

2    delays. (ECF No. 96-1 at 6-12.) Indeed, the Court agrees with Judge Denney's read of

3    the proposed FAC and decision to dismiss Dr. Halki from proposed claim 1: "Plaintiff

4    alleges that Dr. Halki ordered the epidural injection back in July 2022, but there is no

5    allegation that Plaintiff subsequently brought it to Dr. Halki's attention that the epidural

6    injection was not scheduled for another year and a half." (ECF No. 112 at 9.)

7        As to claim 3, the Court agrees with Dr. Halki that Plaintiff does not allege Dr. Halki

8    personally participated in withholding medications from Plaintiff. (ECF Nos. 117 at 5

9    (making this argument), 96-1 at 13-18 (declining to allege that Dr. Halki ever withheld or

10   delayed medications from Plaintiff, instead only alleging that Dr. Halki may have been

11   drunk when they spoke once).) Judge Denney noted the allegation against Dr. Halki in

12   claim 3 (ECF No. 112 at 11) and correctly determined "there are no allegations in Claim

13   3 about Dr. Halki denying, delaying, or interfering with Plaintiff's medications" in

14   recommending Dr. Halki not be a named Defendant as to this claim (*id.* at 13).

15       In sum, the Court overrules Plaintiff's objections as to Dr. Halki.

16   **B.    Naughton, Rambur, Henley**

17       Plaintiff also objects to Judge Denney's recommendation not to include Naughton

18   as a Defendant in the versions of claims 1 and 5 he recommends proceed, and Rambur

19   and Henley in claim 3. (ECF No. 113 at 5.) These potential defendants counter, consistent

20   with the R&R, that they did not personally participate in the alleged constitutional

21   violations underlying these claims. (ECF No. 118.) The Court agrees with them.

22       Indeed, Plaintiff included no specific allegations against Naughton in his proposed

23   claim 1. (ECF No. 96-1 at 6-12.) And as Judge Denney noted as to claim 5, it "includes

24   no allegations that Dr. Naughton was made aware that the referral was not completed or

25   that he did not see a specialist." (ECF No. 112 at 17.) Plaintiff's allegations in these two

26   claims are insufficient for the Court to plausibly infer that Dr. Naughton personally

27   participated in these alleged constitutional violations. Similarly, Plaintiff simply does not

28   mention Henley in his claim 3 allegations. (ECF No. 96-1 at 13-18; *see also* ECF No. 118

1    at 7 (noting this).) And the Court agrees with Judge Denney that Plaintiff does not include

2    any allegations in his proposed claim 3 as to Rambur, "about what information was in

3    those grievances or any allegations that would show Rambur was deliberately indifferent

4    to his serious medical needs." (ECF No. 112 at 13.) Based on Plaintiff's own allegations

5    in his proposed FAC, these proposed defendants did not personally participate in the

6    constitutional violations alleged in the pertinent claims.

7         In sum, the Court also overrules Plaintiff's objections as to Naughton, Rambur, and

8    Henley. In general, the Court agrees with the analysis in the R&R and will accept and

9    adopt it in full.

10   **III.    CONCLUSION**

11        It is therefore ordered that Plaintiff's objection (ECF No. 113) to Judge Denney's

12   Report and Recommendation (ECF No. 112) is overruled.

13        It is further ordered that Judge Denney's Report and Recommendation (ECF No.

14   112) is accepted and adopted in full.

15        It is further ordered that Plaintiff's motion for leave to amend (ECF No. 96) is

16   granted in part, and denied in part, as specified in the R&R.

17        The Clerk of Court is directed to file a copy of the proposed FAC (ECF No. 96-1)

18   on the docket. The FAC is now the operative complaint in this case.

19        It is further ordered that Plaintiff is now proceeding on the following claims, against

20   the following Defendants, in the FAC.

21        It is further ordered that Plaintiff's claim 1 Eighth Amendment deliberate

22   indifference to serious medical needs claim is proceeding against Defendants Keast and

23   Dr. Benson. It is not proceeding against Dr. Halki, Rambur, or Henley.

24        It is further ordered that Plaintiff's claim 3 Eighth Amendment deliberate

25   indifference to serious medical needs claim is proceeding against Villegas, Dr. Benson,

26   Dr. Minev, Penneau, and Fukagawa. It is not proceeding against Rambur, Mitchell, Dr.

27   Halki, Dr. Naughton, and Keast.

28        It is further ordered that Plaintiff's claim 4A First Amendment retaliation claim is

4

1 | proceeding against Keast.

2 |      It is further ordered that Plaintiff's claim 4B Fourteenth Amendment due process

3 | intentional deprivation of property claim is proceeding against Mahon and Tafelmeyer.

4 |      It is further ordered that Plaintiff's claim 5 Eighth Amendment deliberate

5 | indifference to serious medical needs claim is proceeding against Dr. Halki. It is not

6 | proceeding against Dr. Naughton, Keast, Dr. Barrett, or Dr. Benson.

7 |      It is further ordered that any party who believes this order necessitates an

8 | extension of any scheduling order deadlines may file an appropriate motion or stipulation.

9 |      DATED THIS 22nd Day of November 2024.

10

11 |                           _____

12 |                      MIRANDA M. DU
                     CHIEF UNITED STATES DISTRICT JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28