UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| RONALD SANTOS,<br><br>    Plaintiff<br><br>v.<br><br>KENNETH ANNIKOS, et al.,<br><br>    Defendants | Case No.: 3:23-cv-00281-MMD-CSD<br><br>**Order**<br><br>Re: ECF Nos. 137, 138 |

Plaintiff has filed a motion for sanctions along with an addendum. (ECF Nos. 137 and 138.) Defendants filed a response (ECF No. 142), and Plaintiff filed a reply (ECF No. 144).

Plaintiff alleges Defendants' counsel has engaged in "bad faith" and is "changing, withholding discovery" and "doing so to spoliate, hide evidence in this matter." (ECF No. 137 at 2.) Plaintiff alleges grievances have not been provided in discovery. Defendants respond that counsel has "routinely disclosed relevant documents to Santos as the necessity of supplemental disclosures became apparent. To date, Defendants have disclosed over 2000 pages of documents to Santos, including relevant administrative regulations, operational procedures, medical directives, grievances, medical records, disciplinary history, case notes, grievance history report, and Santos' bed history." (ECF No. 144 at 5.) It appears Defendants have provided initial disclosures and supplemental disclosures with Plaintiff's numerous grievances that are approximately 450 pages (ECF No. 144, Ex. B).

"Spoliation is 'the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence[,] in pending or reasonably foreseeable litigation.'"

*Reinsdorf v. Skechers U.S.A. Inc.,* 296 F.R.D. 604, 626 (C.D. Cal. July 19, 2013) (alteration original) (quoting *Zubulake v. UBS Warburg LLC*, 220 F.R.D. 212, 216 (S.D.N.Y. 2003)).

"There are two sources of authority under which a district court can sanction a party who has despoiled evidence: the inherent power of federal courts to levy sanctions in response to abusive litigation practices, and the availability of sanctions under Rule 37 against a party who "fails to obey an order to provide or permit discovery." *Leon v. IDX Systems Corp.,* 464 F.3d 951, 958 (9th Cir. 2006) (citing *Fjelstad v. Am. Honda Motor Co.*, 762 F.2d 1334, 1337-38 (9th Cir. 1985); Fed. R. Civ. P. 37(b)(2)(C)).

The party seeking spoliation sanctions has the burden of establishing the elements of a spoliation claim: "(1) that the party having control over the evidence had an obligation to preserve it at the time it was destroyed; (2) that the records were destroyed with a 'culpable state of mind'; and (3) that the evidence was 'relevant' to the party's claim or defense such that a reasonable trier of fact could find that it would support that claim or defense." *Id*. (internal quotation marks and citations omitted).

"The threshold inquiry, of course, is whether or not evidence was actually altered or destroyed." *Harfouche v. Stars on Tour, Inc.*, No. 2:13-cv-00615-LDG-NJK, 2016 WL 54203, at *3 (D. Nev. Jan. 5, 2016). Courts have held that the burden on the party seeking spoliation sanctions is by a preponderance of the evidence. *U.S. E.E.O.C. v. Wedco, Inc.*, No. 3:12-cv-00523-RCJ-VPC, 2014 WL 4635678, at *2 (D. Nev. Sept. 15, 2014) (citation omitted).

In the present case, the court finds Plaintiff has not met his burden of establishing the elements of a spoliation claim. Due to the substantial number of grievances Plaintiff has filed with the NDOC, it appears it to be challenging for Defendants' counsel to determine which of them are relevant to the pending lawsuit. However, Defendants' counsel has provided Plaintiff's numerous

grievances in discovery that he believes are relevant and also provided grievances that Plaintiff alleges are relevant in supplemental disclosures. There is insufficient evidence before the court that Defendants are withholding discovery or spoliating any evidence in this case.

For these reasons, Plaintiff's motion for sanctions and its addendum (ECF Nos. 137 and 138) are **DENIED**.

**IT IS SO ORDERED**.

Dated: April 30, 2025.

_____
Craig S. Denney
United States Magistrate Judge