UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| RONALD R. SANTOS,<br><br>　　Plaintiff<br><br>v.<br><br>KENNETH ANNIKOS, et al.,<br><br>　　Defendants | Case No.: 3:23-cv-00281-MMD-CSD<br><br>**Report & Recommendation of<br>United States Magistrate Judge**<br><br>Re: ECF Nos. 171, 176 |

This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

Plaintiff filed a motion to withdraw the settlement entered into in this action. (ECF No. 171.) Defendants filed a response asserting that the motion is moot as Plaintiff signed a subsequent version of the settlement agreement. (ECF Nos. 174, 174-1 to 174-2.)

Plaintiff then filed a motion to enforce the settlement with respect to one of its provisions concerning a bag for his walker. (ECF No. 176.) Defendants filed a response. (ECF Nos. 178, 178-1 to 178-4.) Plaintiff did not file a reply.

After a thorough review, it is recommended that Plaintiff's motions be denied.

**I. BACKGROUND**

Plaintiff is an inmate in the custody of the Nevada Department of Corrections (NDOC), proceeding pro se with this civil rights action pursuant to 42 U.S.C. § 1983. He is housed at Northern Nevada Correctional Center (NNCC). The court screened his amended complaint and he was allowed to proceed with the following claims: (1) an Eighth Amendment deliberate indifference to serious medical needs claim against Keast and Dr. Benson; (2) an Eighth

Amendment deliberate indifference to serious medical needs claim against Villegas, Dr. Benson, Dr. Minev, Penneau, and Fukagawa; (3) a First Amendment retaliation claim against Keast; (4) a Fourteenth Amendment due process claim against Mahon and Tafelmeyer; and (5) an Eighth Amendment deliberate indifference to serious medical needs claim against Dr. Halki. (ECF Nos. 112, 119.)

The parties participated in a settlement conference on June 11, 2025. A settlement was reached, and the material terms were placed on the record. (ECF No. 170.)

On June 13, 2025, Plaintiff filed a motion to withdraw the settlement, asserting that the written settlement document he was presented to sign did not accurately reflect the terms agreed upon at the settlement conference. (ECF No. 171.) Defendants respond that this motion is moot because counsel for Defendants met and conferred with Plaintiff about the claimed discrepancy, prepared an amended written settlement agreement, and Plaintiff signed that agreement. (ECF Nos. 174, 174-1, 174-2.) The court has reviewed the briefing, the declaration of defense counsel as well as the signed agreement, and agrees this is accurate. Therefore, Plaintiff's motion to withdraw from the settlement agreement should be denied as moot.

On August 1, 2025, Plaintiff filed a motion to enforce the settlement agreement. Specifically, Plaintiff argues that one of the terms of the settlement agreement was that Plaintiff can purchase a replacement bag with a zipper for his walker (the "Trust 'Let's Fly' Rollator") at his own expense. Plaintiff ordered the new bag and it was shipped to NNCC's property room. Plaintiff claims he was called to the property room by Sergeant Bashor on July 21, 2025, and Sergeant Bashor agreed to give Plaintiff the bag, but he said the shoulder strap that came with the bag was deemed unauthorized. Plaintiff argues that his old bag had a shoulder strap which was approved by Warden Henley, former Warden Breitenbach, and former Property Sergeant

Fluhrer. As such, Plaintiff claims that Defendants have breached the settlement agreement, and he asks that NDOC be ordered to provide the bag for his walker with the shoulder strap.

Defendants, on the other hand, argue that they have complied with the material terms of the settlement agreement, including allowing Plaintiff to purchase a new bag, with a zipper, for his walker. They contend the shoulder strap was never discussed during the settlement conference, and it was not a term of the agreement. Defendants provide a declaration from Property Sergeant Bashor, who confirmed that Warden Henley had not authorized the shoulder strap. On August 4, 2025, defense counsel informed Sergeant Bashor that Plaintiff was willing to accept his bag without the shoulder strap, though he intended to appeal the decision and would likely file a motion. Plaintiff was provided the bag without the shoulder strap. (Bashor Decl., ECF No. 178-3.)

## II. DISCUSSION

The court retained jurisdiction over this matter pending filing of the stipulation to dismiss, and the stipulation for dismissal has not yet been filed. (*See* ECF No. 170.) As such, the court still has jurisdiction over this matter.

Courts possess inherent authority to enforce settlement agreements in pending cases. *See In re City Equities Anaheim, Ltd.*, 22 F.3d 954, 957-58 (9th Cir. 2021); *Callie v. Near*, 829 F.2d 888, 890 (9th Cir. 1987).

The construction and enforcement of settlement agreements are governed by principles of state law. *Jones v. McDaniel*, 717 F.3d 1062, 1067 (9th Cir. 2013) (quoting *O'Neil v. Bunge Corp.*, 365 F.3d 820, 822 (9th Cir. 2004)). "That is true, 'even where a federal cause of action is settled or released.'" *Id*. (quoting *Botefur v. City of Eagle Point*, 7 F.3d 152, 156 (9th Cir. 1993)).

"Under Nevada law, 'a settlement agreement['s] construction and enforcement are governed by principles of contract law.'" *Id.* (citing *May v. Anderson*, 121 Nev. 668, 119 P.3d 1254, 1257 (2005)). "The 'ultimate goal is to effectuate the contracting parties' intent.'" *In re Amerco Derivative Litig.*, 252 P.3d 681, 693 (Nev. 2011). "Although an analysis of a settlement's terms starts with the language of the agreement, 'when that intent is not clearly expressed in the contractual language, [courts] may also consider the circumstances surrounding the agreement.'" *Id*.

The signed settlement provides, in relevant part: "Plaintiff can purchase/receive a replacement bag with a zipper for his Trust 'Let's Fly' Rollator at his own expense." (ECF No. 178-1 at 2.)

The written settlement agreement signed by Plaintiff provides that the bag for Plaintiff's walker must have a zipper, but there is no mention of a shoulder strap. (*Id*.)

In addition, the court has reviewed the recording of the settlement conference, and there is no mention of a shoulder strap in connection with the recitation of the material terms of the settlement on the record. It was simply stated that Plaintiff be permitted to buy a new bag for his walker at his own expense.

The court finds that inclusion of a shoulder strap was not a material term to the settlement agreement, and Defendants have not breached the agreement by failing to provide Plaintiff the shoulder strap that came with his new bag for his walker. Plaintiff has been provided the new bag for his walker, with a zipper, as agreed. As such, Plaintiff's motion to enforce the settlement agreement should be denied, and Defendants should be directed to file the stipulation for dismissal of this action with prejudice within two weeks of any order adopting this Report and Recommendation.

## III. RECOMMENDATION

IT IS HEREBY RECOMMENDED that the District Judge enter an order:

(1) **DENYING** as moot Plaintiff's motion to withdraw the settlement agreement (ECF No. 171);

(2) **DENYING** Plaintiff's motion to enforce the settlement agreement (ECF No. 176); and

(3) Requiring Defendants to file the stipulation for dismissal of this action with prejudice within two weeks of the date of any order adopting this Report and Recommendation.

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report and Recommendation. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge. Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

Dated: August 25, 2025

_____
Craig S. Denney
United States Magistrate Judge