UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| RONALD R. SANTOS, | Case No. 3:23-cv-00281-MMD-CSD |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| KENNETH ANNIKOS, *et al.*, | |
| Defendants. | |

**I.   SUMMARY**

*Pro se* Plaintiff Ronald R. Santos, who is incarcerated in the custody of the Nevada Department of Corrections at Northern Nevada Correctional Center, sued prison officials and medical personnel under 42 U.S.C. § 1983, alleging that they violated his constitutional rights because they were deliberately indifferent to his serious medical needs, retaliated against him, and intentionally took his property. (ECF Nos. 6, 7.) The Court allowed him to proceed on Eighth Amendment deliberate indifference to serious medical needs, First Amendment retaliation, and Fourteenth Amendment due process claims. (ECF Nos. 112, 119.) On June 11, 2025, the parties participated in a settlement conference and reached a settlement.[1] (ECF No. 170.) On August 1, 2025, Santos subsequently filed a motion to enforce the settlement agreement as to one of the material terms[2] (ECF No. 176), which Judge Denney denied as moot (ECF No. 177). Before the Court are the Reports and Recommendations ("R&Rs") of United States Magistrate Judge Craig S. Denney (ECF Nos. 169, 179), recommending the Court deny without prejudice

---

[1] On June 13, 2025, Santos filed a motion to withdraw the settlement (ECF No. 171), claiming the written agreement he was asked to sign did not accurately reflect the terms agreed upon during the settlement conference.

[2] Santos claims that Defendants breached the settlement agreement by failing to provide him with a replacement bag equipped with a shoulder strap. (ECF No. 179 at 2-3.)

1  Santos' motions for injunctive relief (ECF Nos. 140, 141), deny as moot Santos' motion
2  to exceed the page limits (ECF No. 139), and deny Santos' motion to withdraw the
3  settlement agreement (ECF No. 171) along with his motion to enforce the settlement
4  agreement (ECF No. 176). To date, no objections to the R&Rs have been filed. Because
5  there are no objections, and, as further explained below, the Court will adopt the R&Rs.

**II.    DISCUSSION**

Because there is no objection, the Court need not conduct de novo review and is satisfied that Judge Denney did not clearly err. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1116 (9th Cir. 2003) ("De novo review of the magistrate judges' findings and recommendations is required if, but *only* if, one or both parties file objections to the findings and recommendations." (emphasis in original)). First, Judge Denney recommends the Court deny Santos' motion to withdraw the settlement agreement (ECF No. 171) as moot on the basis that the parties held a meet-and-confer about the alleged discrepancy and prepared an amended agreement, which Santos signed. (ECF Nos. 174, 174-1, 174-2, 179 at 2.) Upon review of Defendants' sworn declaration and the amended agreement signed by Santos, the Court agrees. Second, Judge Denney recommends the Court deny the motion to enforce the settlement agreement (ECF No. 176) regarding the property term, as it was not a material provision included in the amended agreement. (ECF No. 179 at 4.) Upon review of the amended agreement (ECF No. 174-2 at 2), the Court agrees. Third, because the Court adopts Judge Denney's R&R (ECF No. 179) regarding the settlement agreement, it also adopts the R&R (ECF No. 169) to deny Santos' motions for injunctive relief without prejudice, as the motions are moot in light of the settlement. Having reviewed the R&Rs, the Court finds Judge Denney did not clearly err and will adopt the R&Rs

**III.    CONCLUSION**

It is therefore ordered that Judge Denney's Reports and Recommendations (ECF No. 169, 179) are accepted and adopted in full.

It is further ordered that Santos' motions for injunctive relief (ECF Nos. 140, 141) are denied as moot and without prejudice.

It is further ordered that Santos' motion to exceed the page limits (ECF No. 139) is denied as moot.

It is further ordered that Santos' motion to withdraw the settlement agreement (ECF No. 171) is denied as moot.

It is further ordered that Santos' motion to enforce the settlement agreement (ECF No. 176) is denied.

It is further ordered that Defendants file the stipulation for dismissal of this action with prejudice within two weeks of the date of this Order.

DATED THIS 16th Day of September 2025.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE